## THE STATE OF IOWA v. LEICHT.

1. **Jury: CHALLENGE.** When, on the impanneling a jury for the trial of a criminal action, the defendant asked the jurors if they had not just "set upon a jury for the trial of a person indicted for the same kind of an offense," and upon receiving an affirmative answer, asked the further question, "If the evidence in this case should be the same as in the one just decided, if their minds were not made up as to the guilt or innocence

of the defendant?" to which the State objected. It was held under the authority of *the State of Iowa* v. *Sheeley*, 15 Iowa, the court did not err in sustaining the objection.

2. **Gambling:** STAKES. It is not essential to the crime of gambling, that the stakes shall be put up before the game progresses.

3. —— GAMBLING HOUSE. Playing games of chance "for the drinks round," to be delivered when the game is ended, is gambling within the meaning of the statute; and the owner of a house who knowingly permits such games to be played therein, is guilty of keeping a gambling house within the meaning of the law.

*Appeal from Des Moines District Court.*

TUESDAY, JUNE 28.

THE facts will appear from the opinion.

*M. D. Browning* for the appellant.

*C. C. Nourse*, Attorney-General, for the State.

WRIGHT, Ch. J.—Permitting gambling. In forming the trial jury, the district attorney asked if any of them had formed or expressed an opinion as to the guilt or innocence of defendant, to which they responded in the negative. Counsel for defendant then inquired if they had not just " set upon a jury for the trial of a person indicted for the same kind of an offense." They responded, they had. They were then asked "if the evidence in this case should be the same as in that just decided, if their minds were not made up as to the guilt or innocence of defendant?" To this the State objected; the objection was sustained, and the defendant excepted.

1. JURY: challenge.

The very objection now made to the action of the court below, is disposed of by the case of *The State* v. *Sheeley*, 15 Iowa. That case settles the doctrine in clear and express terms in favor of the action of the court below. And see *The State* v. *Arnold*, 12 Iowa, 479.

II. By the statute it is declared, that if any person keep a house, &c., resorted to for the purpose of gambling, or permit or suffer any person, in any house, &c., to play at cards, &c., for money or *other thing*, such a person shall be fined, &c. (Rev., § 4363.) Under this section it is an offense to permit or suffer persons to play for liquor, or, as expressed in the bill of exceptions, "for the treats." To constitute gambling, it is not necessary that the money or "other thing" should be "put up." But a playing with an agreement or understanding that the losing party shall pay "for the glasses or drinks round," the same being called for and drank accordingly, on the result being known, is gambling within the meaning of the statute. Playing at cards for recreation or amusement is not prohibited.

*2. —— Gam-
bling:
stakes.*

But the case is different when the amusement is intensified and the interest increased by the prospective drinks which the one party enjoys, as the result of his superior skill or good fortune, and the other takes at his own proper expense, the keeper of the house suffering and permitting the same; and if he knows and does not forbid or prevent it, he is guilty of suffering or permitting the gambling, and is liable under the statute.

